UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DENA JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:17-cv-04510-WTL-DML |
| ) | |
| INDIANA DEPARTMENT OF CORRECTIONS, ) | |
| LAURIE JOHNSON Warden, ) | |
| DAWN EASLEY, ) | |
| ) | |
| Defendants. ) | |

**Entry Granting *In Forma Pauperis*, Dismissing Complaint, and
Directing Plaintiff to Show Cause**

**I. *In Forma Pauperis***

The plaintiff's motion to proceed *in forma pauperis*, Dkt. No. 5, is **granted.** The assessment of an initial partial filing fee is waived at this time because the plaintiff does not have the assets or the means to pay it.

**II. Screening**

Plaintiff Dena Johnson is a prisoner currently incarcerated at the Indiana Women's Prison ("IWP"). She brings this civil rights action under 42 U.S.C. § 1983. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen her complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when

addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

*Allegations*

Ms. Johnson alleges that she and her sister, who is also confined at the IWP, have been denied the opportunity to visit with their mother at the same time. Her 73-year-old mother is experiencing hardships as a result of the Indiana Department of Correction policy which prohibits the joint visitation. She alleges that other sisters, however, have been allowed to have visitations together. She alleges that she and her sister are being discriminated against.

*Discussion*

The Court construes Ms. Johnson's claim of discrimination as a denial of her right to equal protection. To succeed on an equal protection claim, a plaintiff must "show that [s]he is a member of a protected class and that: (1) [s]he is similarly situated to members of the unprotected class, (2) [s]he was treated differently than members of the unprotected class, and (3) the defendant acted with discriminatory intent." *Greer v. Amesqua,* 212 F.3d 358, 370 (7th Cir. 2000). Ms. Johnson does not allege any facts that would state a viable equal protection claim. For instance, she does not allege her race and the race of the other sisters who have allegedly received more favorable treatment.

In the Entry of December 6, 2017, the Court gave Ms. Johnson an opportunity to supplement her complaint by alleging on what basis (race, religion, national origin, or other) she believes she is being "discriminated" against. The deadline for doing so has passed and she has not supplemented her complaint. Accordingly, the complaint must be **dismissed for failure to state a claim upon which relief can be granted.** *See* 28 U.S.C. § 1915A(b).

"[A] plaintiff can plead h[er]self out of court by alleging facts that show there is no viable claim." *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008). That is the case here.

### III. Report Change of Address

The *pro se* plaintiff shall report any change of address within seven (7) days of any change. If the plaintiff fails to keep the Court informed of her current address, the action may be subject to dismissal for failure to comply with Court orders and failure to prosecute.

### IV. Show Cause

The plaintiff's complaint must be dismissed for the reason set forth above. The plaintiff shall have **through March 9, 2018,** in which to either show cause why Judgment consistent with this Entry should not issue or file an amended complaint which cures the deficiencies discussed in this Entry. Any amended complaint would completely replace the original complaint and therefore must be complete. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

**IT IS SO ORDERED.**

Date: 2/9/18

_____
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

DENA JOHNSON
912495
INDIANA WOMENS PRISON
Inmate Mail/Parcels
2596 Girls School Road
Indianapolis, IN 46214